# EXHIBIT B



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

84 LUMBER COMPANY, LIMITED PARTNERSHIP
Robert Bosilovic
84 Lumber Company
1019 Route 519, Building # 6
Eighty Four PA 15330

09/13/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   ALL information should be verified by you.

Item: 2022-450

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | 84 LUMBER COMPANY, LIMITED PARTNERSHIP |
| 2. | Title of Action: | Nathan Samons vs. 84 Lumber Company |
| 3. | Document(s) Served: | Civil Summons<br>Civil Case Cover Sheet<br>Verified Complaint |
| 4. | Court/Agency: | Fayette Circuit Court |
| 5. | State Served: | Kentucky |
| 6. | Case Number: | 22-CI-02361 |
| 7. | Case Type: | Wrongful Termination |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 09/12/2022 |
| 10. | Date to Client: | Tuesday 09/13/2022 |
| 11. | # Days When Answer Due: Answer Due Date: | 20<br>Sunday 10/02/2022    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Melissa Thompson Richardson<br>Lexington, KY<br>859-219-9090 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 181 |
| 16. | Notes: | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.   It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **22-CI-02361**<br>Court:  **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **SAMONS, NATHAN VS. 84 LUMBER COMPANY**, *Defendant*

TO:  **CORPORATE CREATIONS NETWORK, INC.**
      **101 NORTH SEVENTH STREET**
      **LOUISVILLE, KY 40202**

Memo: Related party is 84 LUMBER COMPANY

The Commonwealth of Kentucky to Defendant:
**84 LUMBER COMPANY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Vincent Riggs*
Fayette Circuit Clerk
Date: **9/7/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @00001120861 ,
CIRCUIT: 22-CI-02361 Sheriff Service
SAMONS, NATHAN VS. 84 LUMBER COMPANY



Page 1 of 1


eFiled

| AOC-104     Doc. Code: CCCS | | Case No. 22-CI-_____ |
|---|---|---|
| Rev. 12-20 | | Court  Circuit |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County  Fayette |
| Court of Justice    www.kycourts.gov | CIVIL CASE COVER SHEET | Division  Civil |

Nathan Samons                                                        **PLAINTIFF/PETITIONER**

VS.

84 Lumber Company                                                    **DEFENDANT/RESPONDENT**

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF**
(a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- ☐ Dissolution/Divorce with Children (DISSO)
- ☐ Dissolution/Divorce without Children (DISSO)
- ☐ Paternity (PA)
- ☐ Custody (CUSTO)
- ☐ URESA/UIFSA (UR)
- ☐ Visitation/Parenting Time (VISIT)
- ☐ Voluntary Termination of Parental Rights (TPR)
- ☐ Involuntary Termination of Parental Rights (TPR)
- ☐ Adoption (ADPT)
- ☐ Other: (DFOTH) _____

**TORT (Injury)**
- ☐ Automobile (AUTO)
- ☐ Intentional (INTENT)
- ☐ Malpractice-Medical (MDML)
- ☐ Malpractice-Other (MLOTH)
- ☐ Premises Liability (PREM)
- ☐ Product Liability (PROD)
- ☐ Property Damage (PD)
- ☐ Slander/Libel/Defamation (SLAND)
- ☐ Other: (PIOTH)

**CONSUMER**
- ☐ Seller Consumer Goods (DEBTG)
- ☐ Seller Consumer Services (DEBTS)
- ☐ Buyer Consumer Goods (BUYERG)
- ☐ Buyer Consumer Services (BUYERS)
- ☐ Credit Card Debt (CREDIT)
- ☐ Fraud (FRAUD)
- ☐ Other: (COOTH)

**PROBATE / ESTATE**
- ☐ Guardianship-Adult (GCADLT)
- ☐ Guardianship-Juvenile (GCJUV)
- ☐ Guardianship-Conservatorship (CONSVA)
- ☐ Probate-Testate (with a will) (PB)
- ☐ Probate-Intestate (without a will) (PB)
- ☐ Petition to Dispense with Administration (PB)
- ☐ Name Change (NC)
- ☐ Other: (PBOTH) _____

**REAL PROPERTY**
- ☐ Property Rights (PR)
- ☐ Condemnation (DOMAIN)
- ☐ Forcible Detainer (Eviction) (FD)
- ☐ Forcible Entry (FENTRY)
- ☐ Foreclosure (FCL)
- ☐ Other: (COOTH)

**APPEALS**
- ☐ Appeal from Administrative Agency (AB)
- ☐ Appeal from District Court (XI)
- ☐ Other: (OTH)

**MISC CIVIL**
- ☐ Habeas Corpus (HABEAS)
- ☐ Non-Domestic Relations Restraining Order (IP)
- ☐ Tax (TAX)
- ☐ Writs (WRITS)
- ☐ Other: (OTH)

**BUSINESS / COMMERCIAL**
- ☐ Business Tort (BCPI)
- ☐ Statutory Action (BCSA)
- ☐ Business Contract Dispute (BCCO)
- ☐ Other: (BCOTH) _____

**EMPLOYMENT**
- ☒ Employment-Discrimination (DSCR)
- ☐ Employment-Other (DISPU)

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION \_\_\_\_
CIVIL ACTION NO. 22-CI-\_\_\_\_
***Electronically Filed***

NATHAN SAMONS                                       PLAINTIFF

VS.                    **VERIFIED COMPLAINT**

84 LUMBER COMPANY

       Serve:    CORPORATE CREATIONS NETWORK INC.
                    REGISTERED AGENT: UNITED AGENT GROUP, INC.
                    101 NORTH SEVENTH STREET
                    LOUISVILLE, KY 40202                            DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

       Comes the Plaintiff, Nathan Samons, by and through counsel, and for his complaint and cause of action against the Defendant, 84 Lumber Company, states as follows:

## PARTIES

       1.      Plaintiff Nathan Samons is, and at all times relevant herein was, a resident of Madison County, Kentucky.

       2.      Defendant 84 Lumber Company is, and at all times relevant herein was, a foreign corporation with its principal place of business in Eighty Four, Pennsylvania 15330, with its registered agent for service being designated as Corporate Creations Network, Inc., 101 North Seventh Street, Louisville, Kentucky 42539. At all times relevant herein, this Defendant was an employer for purposes of KRS Chapter 344 operating the store involved in this Complaint in Fayette County, Kentucky.

## JURISDICTION AND VENUE

       3.      This Court is a court of general jurisdiction and, as such, has jurisdiction over all claims asserted herein.

4.      The facts and circumstances giving rise to Plaintiff's Complaint occurred in Fayette County, Kentucky, and, therefore, this Court is the appropriate venue for this matter

## FACTUAL ALLEGATIONS

5.      Nathan Samons began working for 84 Lumber Company in 2014, and, during his tenure with 84 Lumber, was promoted to Co-Manager of the Lexington Store.

6.      On August 3, 2021, Nathan Samons received an email from Deja Glemba, the assistant of 84 Lumber's president, Maggie Hardy-Knox. The letter informed him it was Maggie Hardy-Knox's goal to vaccinate all employees by October 31, 2021.

7.      The email included an attachment outlining 84 Lumber's Vaccine Policy Details. 84 Lumber would be "asking" all employees to be vaccinated against COVID-19 by October 31, 2021, unless an employee was granted an exemption as a reasonable accommodation or as otherwise provided by law. Associates who did not comply with this request would be required to wear masks and/or face shields in the workplace and comply with social distancing protocols. Employees were directed to submit a completed request for an accommodation form to the Human Resources Department. Accommodations would be granted where they would not cause 84 Lumber undue hardship or pose a threat to the safety of others.

8.      Nathan Samons received a follow-up email on August 3, 2021, from Deja Glemba directing employees to send Heather Kovacs a doctor's note or letter from the employee's religious leader explaining why the employee should be given an exemption.

9.      On September 15, 2021, Nathan Samons received an email from his Area Manager, Robert Anderson, informing him that 84 Lumber's Vaccine Policy had changed such that 84 Lumber would require all THQ Associates and all Divisional Vice Presidents, Area Managers, Store Managers, Store Co-Managers, Components Area Managers, Components General

2

Managers, Divisional Install Managers, Area Install Managers, Regional Install Managers and National Sales ("Covered Associates") to receive a COVID-19 vaccine by October 31, 2021, unless a medical exemption was granted as a reasonable accommodation or as provided by federal, state, or local law.

10. The Updated Vaccine Policy did not apply to all employees, such as local installation managers, manager trainees, coordinators, salesmen, yard associates, or dispatchers.

11. Covered Associates who failed to comply with the requirements would be subject to discipline, including termination, "subject to reasonable accommodation[s] for medical exemptions and other requirements of applicable federal, state and local law."

12. According to the Updated Vaccine Policy, employees were required to provide a description of the accommodation or medical exemption requested and the reason for the accommodation or medical exemption. Moreover, the 84 Lumber Handbook required "all associates" to be vaccinated but, through the Updated Vaccine Policy, would only penalize "Covered Associates."

13. On September 21, 2021, Nathan Samons sent a religious exemption request to Human Resources. He stated that Pfizer, Moderna, and Johnson & Johnson all used fetal cell lines in their development, which were descended from tissues taken from elective abortions. He made clear he has a deeply held religious belief that abortion is sin as it is the murder of an unborn child, citing various scriptures from the Bible in support.

14. Nathan Samons also has had COVID-19 and was tasked with managing two stores while the fully vaccinated managers were out with COVID-19. From August 30, 2021, to September 4, 2021, he co-managed the Pioneer Village store with another co-manager from a different store. During this time, Robert Anderson instructed him to lie to Human Resources about

3

the regular store manager, Joe Bartlett, and the co-manager and manager trainee being out with COVID-19. Nathan Samons did not lie to Human Resources despite being instructed to do so. He also managed his home store in Lexington for the week of September 5, 2021, because his manager was out with COVID-19. With all this, Nathan Samons never got sick, and he believed (and is supported by numerous scientific studies) his natural immunity to be superior to any artificial immunity from a vaccine.

15. Nathan Samons' request was denied on September 27, 2021.

16. In early October 2021, Nathan Samons had a discussion with Robert Anderson, who indicated the exemption request was denied because there was no letter from a pastor.

17. On or around October 5, 2021, Nathan Samons resubmitted his request, including a letter from Dr. Brent Shelton, a pastor at East End Church of Christ in Lexington, Kentucky. Dr. Shelton stated he recognized Nathan Samons' exemption request to be Biblically sound and explained he had the same sincerely held religious belief about the COVID-19 vaccines.

18. On October 8, 2021, Nathan Samons was informed via phone call with Heather Kovacs, Human Resources Manager, that his request was not granted, that it created undue hardship for the company (despite the fact that she could not say what the alleged "undue hardship" was), that other religious exemptions had been granted, and that he would be terminated on November 1, 2021, if he did not comply.

19. Later in the day on October 8, 2021, Nathan Samons spoke with Angela Seaborn, Human Resources, who informed him that his religious exemption request was not accepted because it would present undue hardship to the company. Again, there was no explanation of the alleged "undue hardship."

4

20. Angela Seaborn informed Nathan Samons that his denial was based on several factors: First, the information Dr. Brent Shelton provided in his letter to 84 Lumber concerning his faith-based objections to the COVID-19 vaccine; and second, based on whether he was against the COVID-19 vaccine specifically or all vaccines due to his faith. Further, Angela Seaborn informed Nathan Samons 84 Lumber had granted some religious exemptions.

21. On October 12, 2021, Nathan Samons and other Co-Managers received an email from Frank Cicero inferring they did not understand the implications of 84 Lumber's Vaccine Policy and would be terminated by the end of October if they were not vaccinated.

22. Later on October 12, 2021, Nathan Samons sent Angela Seaborn an email indicating he believed he was being discriminated against based upon his sincerely held religious beliefs.

23. On October 13, 2021, Nathan Samons was called by Robert Anderson, who informed him that 84 Lumber was not accepting any religious exemptions, which contradicted what Angela Seaborn and Heather Kovacs had both stated. Moreover, Robert Anderson informed him the reason for this blanket denial was that Frank Cicero knew if he granted one religious exemption, he would have to grant them all.

## COUNT I – WRONGFUL TERMINATION

23. Plaintiff adopts and reiterates the foregoing paragraphs as though set forth in full herein.

24. On November 1, 2021, Nathan Samons was wrongfully terminated by 84 Lumber after he submitted a request for religious exemption that was declined for no rational reason other than to attempt to force Mr. Samons to violate his sincerely held religious beliefs and/or infringe on his right to freedom of religion. No reasonable consideration was given to his request.

5

25. After Nathan Samons declined to take the COVID-19 vaccination due to his bona fide belief that doing so would violate his sincerely held religious beliefs, he was wrongly terminated.

26. Nathan Samons was informed that his refusal to receive a vaccine would present an undue hardship, without any explanation what the hardship was, even though he willing to continue wearing a mask at work and even though other employees who were not vaccinated continued to work inside the store without wearing a mask.

27. In all actuality, accommodating Nathan Samons' sincerely held religious belief by granting his religious exemption request would not have resulted in an undue hardship on 84 Lumber's business.

28. Nathan Samons was damaged as a result of 84 Lumber's conduct.

## COUNT II – CIVIL RIGHTS VIOLATION

28. Plaintiff adopts and reiterates the foregoing paragraphs as though set forth in full herein.

29. Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate against someone on the basis of race, color, national origin, sex, or religion. Nathan Samons refused to receive a vaccine due to his sincerely and deeply held religious beliefs, which stem from the use of aborted fetus cells used in the production of COVID-19 vaccines. As a result, 84 Lumber Company discriminated against Nathan Samons on the basis of his religion.

30. Nathan Samons was damaged as a result of 84 Lumber's conduct.

## COUNT III – DISCRIMINATION

31. Plaintiff adopts and reiterates the foregoing paragraphs as though set forth in full herein.

6

32. The discrimination by 84 Lumber—by treating him differently than other employees and by wrongfully denying his request for a religious exemption—caused injury and damages to Mr. Samons.

33. Nathan Samons was damaged as a result of 84 Lumber's conduct.

## COUNT IV – NEGLIGENCE

34. Plaintiff adopts and reiterates the foregoing paragraphs as though set forth in full herein.

35. 84 Lumber negligently handled Nathan Samons' request for a religious exemption despite voluntarily offering the ability to obtain a religious exemption to its employees. At the point in which 84 Lumber offered these exemptions, it was obligated to fairly view the request and resolve it in a way that did not require Nathan Samons to violate his sincerely held religious beliefs. 84 Lumber, however, did not meaningfully consider Nathan Samons' request.

36. Nathan Samons was damaged as a result of 84 Lumber's conduct.

## COUNT IV – INJURIES AND DAMAGES

37. Plaintiff adopts and reiterates the foregoing paragraphs as though set forth in full herein.

38. As a direct result of 84 Lumber's conduct, Nathan Samons was insured and has suffered damages. As a result, 84 Lumber is liable to compensate him for the following items of damages:

    a. Lost wages;

    b. Lost benefits;

    c. Mental and emotional pain and suffering;

    d. Punitive damages;

7

  e. Reasonable attorneys fees;

  f. Pre- and Post-Judgment interest; and

  g. Any and all other relief to which he may be entitled.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a Judgment consistent with his request for injuries and damages as noted herein.

### VERIFICATION

I hereby certify that I have read the foregoing Verified Complaint and to the best of my knowledge, information, and belief, the allegations contained therein are true and correct.

NATHAN SAMONS

By: _____

STATE OF KENTUCKY )
         (SCT.
COUNTY OF Fayette  )

Subscribed and sworn to before me by Nathan Samons on this the 18 day of August, 2022.

My commission expires: January 2, 2025.

_____ # KYNP20186
NOTARY PUBLIC, STATE-AT-LARGE, KY

8

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/ Melissa Thompson Richardson*

---

Melissa Thompson Richardson
Thomas Wright
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:   (859) 219-9292
Email:       Melissa@WaltersRichardson.com
             TWright@WaltersRichardson.com
COUNSEL FOR PLAINTIFF.
NATHAN SAMONS

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 18th day of August, 2022 by mailing and/or emailing a true and accurate copy to the following:

84 Lumber Company
SERVE: Corporate Creations Network, Inc.
101 North Seventh Street
Louisville, KY 40202
*Defendant*

*/s/ Melissa Thompson Richardson*

---

COUNSEL FOR PLAINTIFF

7641.007267C:\NRPortbl\HHALL\1751637_1.docx

9

SEP 1 2 2022